IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| TRIGINAL D. JACKSON,<br><br>  Plaintiff,<br><br>v.<br><br>STATE OF UTAH,<br><br>  Defendant. | **REPORT AND RECOMMENDATION TO DENY MOTION FOR WRIT OF MANDAMUS (ECF NO. 3)**<br><br>Case No. 2:18-cv-00802-RJS-EJF<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Evelyn J. Furse |

On October 12, 2018, pro se Plaintiff Triginal D. Jackson, proceeding in forma pauperis, filed a petition for a writ of mandamus under 28 U.S.C. § 1651(a). (Writ of Certiorari/Mandamus ("Pet."), ECF No. 3.) Mr. Jackson filed his petition "based on denial of [his] right to visitation with [his] daughter, denial of discovery and Prosecutorial Misconduct as to Ms. Doherty." (Id. at 28.) Mr. Jackson seeks an Order from this Court[1] dismissing the Utah Third District Juvenile Court case regarding his daughter and restoring all of his parental rights to his daughter, specifically his custody and/or visitation rights. (Id. at 10-14, 32.) On November 14, 2018, the Court held a hearing on the Petition. (ECF No. 8.) After considering the Petition and oral argument, the undersigned RECOMMENDS the District Judge DENY the Petition as outside the District Court's authority to grant relief. Additionally, to the extent the undersigned construes Mr. Jackson's request as one for injunctive relief, the undersigned

---

[1] On October 19, 2018, the District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 5.)

1

RECOMMENDS the District Judge DENY Mr. Jackson's request because the <u>Younger</u> abstention doctrine bars this Court from adjudicating his request.

## I.   LEGAL STANDARD

While a court construes the filings of a pro se plaintiff liberally and holds him "to a less stringent standard than formal pleadings drafted by lawyers," <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1110 (10th Cir. 1991), a pro se plaintiff must " 'follow the same rules of procedure that govern other litigants.' " <u>Garrett v. Selby Connor Maddux & Janer</u>, 425 F.3d 836, 840 (10th Cir. 2005) (quoting <u>Nielsen v. Price</u>, 17 F.3d 1276, 1277 (10th Cir. 1994)).  Thus, a pro se "plaintiff still has 'the burden of alleging sufficient facts on which a recognized legal claim could be based.' " <u>Jenkins v. Currier</u>, 514 F.3d 1030, 1032 (10th Cir. 2008) (quoting <u>Hall</u>, 935 F.2d at 1110).  While the court must make some allowances for "the [pro se] plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements[,]" <u>Hall</u>, 935 F.2d at 1110, the court cannot act as the litigant's advocate, supply additional factual allegations, or develop a legal theory for him.  <u>See</u>, <u>e.g.</u>, <u>Smith v. United States</u>, 561 F.3d 1090, 1096 (10th Cir. 2009).

## II.   FACTUAL BACKGROUND

Mr. Jackson alleges the State of Utah ("the State") stripped him of custody of his daughter, L.H., without notice while he spent time in jail.  (Pet., ECF No. 3 at 10–13.)  At oral argument, Mr. Jackson stated while both he and L.H.'s mother spent time in jail, L.H.'s mother gave L.H. to her grandmother, who in turn sent L.H. out of state to live with L.H.'s uncle and L.H.'s uncle's wife.  No one sought Mr. Jackson's consent to take L.H. out of state.  (<u>Id.</u> at 13-14.)  Mr. Jackson further alleges the presiding judge over

L.H.'s juvenile proceedings, holds hearings once a month, without his presence or L.H.'s mother's presence, to determine where L.H. will reside. (Id. at 12.) The State justified depriving Mr. Jackson visitation with L.H. on the grounds that Mr. Jackson's time in jail endangered L.H.'s welfare. (Id. at 16–18.) Mr. Jackson stated at oral argument that he brought his case into federal court because the state court failed to take any action to address the facts of his case. The documents Mr. Jackson attaches to his Petition indicate that the state court did not terminate his parental rights and that the court granted him visitation, albeit supervised. (ECF No. 3-1 at 3, 7.) Mr. Jackson further indicated at the hearing that he proceeds pro se because he mistrusts attorneys. By the time of the oral argument, Mr. Jackson was no longer in jail.

### III. JURISDICTION

Mr. Jackson seeks a writ of mandamus pursuant to 28 U.S.C. § 1651, which states, "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). However, 28 U.S.C. § 1651 does not serve as a source of jurisdiction. See United States v. Denedo, 556 U.S. 904, 914 (2009) ("The authority to issue a writ under the All Writs Act is not a font of jurisdiction."). Instead, § 1651 "provides a means to correct an action within the court's jurisdiction." United States v. Tinajero-Porras, 304 F. App'x. 754, 756 (10th Cir. 2008) (unpublished) (citing Commercial Sec. Bank v. Walker Bank & Trust Co., 456 F.2d 1352, 1355 (10th Cir. 1972)). Furthermore, before the Court can take any action on a case, it must determine that it has subject matter jurisdiction, even if no party contests its jurisdiction. Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006).

Subject matter jurisdiction arises when a " 'civil action[] aris[es] under the Constitution, laws, or treaties of the United States.' " Firstenberg v. City of Santa Fe, 696 F.3d 1018, 1023 (10th Cir. 2012) (quoting 28 U.S.C. § 1331).  Reading Mr. Jackson's petition liberally, Hall, 935 F.2d at 1110, the undersigned finds Mr. Jackson's petition arises under the Fourteenth Amendment to the United States Constitution because it seeks to vindicate his fundamental right to parent his child.  (See Pet., ECF No. 3 10–14; see Troxel v. Granville, 530 U.S. 57, 66 (2000) (stating "the Due Process Clause of the Fourteenth Amendment protects the fundamental right of parents to make decisions concerning the care, custody, and control of their children.").)  Thus, because the Complaint arises under the United States Constitution, this Court has subject matter jurisdiction over the case.  However, this Court lacks authority to grant Mr. Jackson mandamus relief.

## IV.    WRIT OF MANDAMUS

Although Congress established federal district courts, district courts lack the power to issue writs of mandamus.  Federal Rule of Civil Procedure 81 eliminated the writ of mandamus.  Fed. R. Civ. P. 81(b); see also 12 Charles Alan Wright, Arthur R. Miller, Richard L. Marcus, FED. PRACTICE & PROC. § 3134 (3d ed. 2018) (stating "Rule 81(b) … abolished the writ of mandamus in district court practice.").  Rule 81(b), however, empowers district courts to enter "relief 'in the nature of mandamus' " provided a party pursues "appropriate action or motion", and "the district court has jurisdiction."  Fed. R. Civ. P. 81(b); 12 Charles Alan Wright, Arthur R. Miller, Richard L. Marcus, FED. PRACTICE & PROC. § 3134 n. 8 (3d ed. 2018) (citing Sanchez-Espinoza v. Reagan, 770 F.2d 202, 207 n. 7 (D.C. Cir. 1985)).

4

## V.    INJUNCTIVE RELIEF

Here, Mr. Jackson seeks an Order from this Court dismissing the Utah Third District Juvenile Court case regarding his daughter and restoring his custody and/or visitation rights over his daughter.  (Pet., ECF No. 3 at 10–14, 28, 32.)  Thus, in essence, Mr. Jackson seeks an injunction against the Utah Third District Juvenile Court.  Accordingly, the undersigned construes Mr. Jackson's petition as a motion for injunctive relief.  Mical Commc'ns., Inc. v. Sprint Telemedia, Inc., 1 F.3d 1031, 1036 (10th Cir. 1993) ("[a] motion for injunctive relief now takes the place of a prayer for mandamus").  However, Mr. Jackson's state proceedings appear to remain ongoing.  (see Pet., ECF No. 3 at 12, 19-20, 24.)

Under the Younger abstention doctrine, federal courts must refrain from exercising jurisdiction when: (1) state proceedings remain ongoing; (2) state court offers an adequate forum to hear the federal complaint claims; and (3) the state proceeding involves important state interests.  Weitzel v. Div. of Occupational & Prof'l Licensing, 240 F.3d 871, 875 (10th Cir. 2001) (citing Amanatullah v. Colo. Bd. of Med. Examiners, 187 F.3d 1160, 1163 (10th Cir. 1999)).  "Younger abstention is non-discretionary; it must be invoked once the three conditions are met, absent extraordinary circumstances."  Amanatullah, 187 F.3d at 1163.  Here, Mr. Jackson's claim meets each condition, and he does not make a "showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate."  Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 435 (1982).

First, on October 17, 2018 when Mr. Jackson filed his Petition, his state court proceeding remained ongoing.  (See Pet., ECF No. 3 at 12, 19-20, 24.)  Mr. Jackson

5

seeks an order from this Court dismissing the Utah Third District Juvenile Court case regarding his daughter and restoring his custody or visitation rights over his daughter. (Id. at 10–14, 28, 32.)  Thus his request for relief pertains to an ongoing state proceeding.

Second, the Utah state judiciary provides an adequate forum for Mr. Jackson to assert his constitutional claim.  See Weitzel, 240 F.3d at 876 ("It is beyond dispute that the Utah state judiciary provides an adequate forum for [plaintiff] to assert his constitutional claims."); Morkel v. Davis, 513 F. App'x 724, 728-29 (10th Cir. Mar. 15, 2013) (unpublished) ("To the extent that [plaintiff] has already raised her constitutional concerns in the state trial court, that court's decisions are not 'inadequate' for Younger purposes simply because the court did not rule in her favor.").  The United States Supreme Court has "emphatically reaffirmed" its holding that state courts have a constitutional obligation and ability to uphold federal law.  Allen v. McCurry, 449 U.S. 90, 105 (1980) (citing Stone v. Powell, 428 U.S. 465, 493-94, n. 35 (1976)).  "In the context of the Younger abstention doctrine, 'adequate' means that the claims asserted in federal court could be raised in the state forum."  Flanders v. Snyder Bromley, No. 09-CV-01623-CMA-KMT, 2010 WL 2650028, at *4 (D. Colo. June 30, 2010) (unpublished) (collecting cases).  Thus, although Mr. Jackson's petition invokes federal constitutional law, Utah's judicial system provides an adequate forum to hear his claims.

Third, Mr. Jackson's state proceedings involve important state interests.  Matters concerning child custody and welfare historically fall within the purview of the state. See Morrow v. Winslow, 94 F.3d 1386, 1393 (10th Cir. 1996) (quoting Moore v. Sims, 442 U.S. 415, 435 (1979) (" '[f]amily relations are a traditional area of state concern.' ").

6

"Indeed, the Younger doctrine is particularly applicable in a case such as this where the pending state proceeding may rectify any constitutional violations." Weitzel, 240 F.3d at 876.  Furthermore, the documents attached to the Petition do not show bad faith, harassment, or other extraordinary circumstances.  Thus, because this case meets all three conditions the undersigned RECOMMENDS the District Judge DENY Mr. Jackson's motion for injunctive relief because the Younger abstention doctrine prevents this Court from adjudicating his request.

## RECOMMENDATION

For the reasons discussed above, the undersigned RECOMMENDS the District Judge DENY Mr. Jackson's Petition because the Court lacks authority to grant relief. Additionally, to the extent the undersigned construes Mr. Jackson's request as one for injunctive relief, the undersigned RECOMMENDS the District Judge DENY Mr. Jackson's request because the Younger abstention doctrine bars this Court from adjudicating his request.

The Court will send copies of this Report and Recommendation to all parties, who are hereby notified of their right to object.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The parties must file any objection to this Report and Recommendation within fourteen (14) days of service thereof.  Id.  Failure to object may constitute waiver of objections upon subsequent review.

DATED this 7th day of June, 2019.

BY THE COURT:

_____
Evelyn J. Furse
United States Magistrate Judge